IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIAN D. BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17 C 3514 |
| ) | |
| VILLAGE OF PARK FOREST, ) | |
| OFFICER JAMES JACHYMIAK #212, ) | |
| OFFICER CHARLES HOSKINS #220, ) | |
| and SGT. MIKE BAUGH, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Julian D. Bennett's four count complaint against the Village of Park Forest, Commander Mike Baugh, Officer James Jachymiak, and former Officer Charles Hoskins stems from his arrest on July 24, 2015. In counts 1 and 2, Mr. Bennett alleges claims of false arrest and false imprisonment under the Fourth Amendment and 42 U.S.C. § 1983. Count 3 is a state law claim for malicious prosecution, and count 4 is an indemnification claim against Park Forest.

The defendants have moved for summary judgment, arguing that probable cause existed for the three criminal charges against Mr. Bennett: trespass, disorderly conduct, and false personation of a peace officer. In the alternative, the officers argue they are entitled to qualified immunity on counts 1 and 2. For the reasons stated below, the Court grants the motion for summary judgment.

**Background**

On July 24, 2015, Mr. Bennett, a licensed process server for the ProVest Agency, attempted to serve foreclosure papers upon William and Josefina Gonzalez at 313 Todd Street in Park Forest, Illinois. Their son Will Gonzalez answered the door. Though Mr. Gonzalez and Mr. Bennett disagree over the content of their discussion, both agree the exchange led Mr. Gonzalez to call the Park Forest Police Department. Mr. Gonzalez told the 911 dispatcher that there was a man at his door claiming to be an "officer of the law," "cursing at" and "threatening" him, and "refusing to leave" his property. At the direction of Commander Mike Baugh, Officer James Jachymiak reported to the scene.

Upon his arrival, Officer Jachymiak found Mr. Bennett sitting in his car, parked in front of Mr. Gonzalez's home. When asked what was going on, Mr. Bennett told Officer Jachymiak that he was a licensed process server and did not represent himself as police. After reviewing Mr. Bennett's identification and paperwork, Officer Jachymiak walked to the house to question Mr. Gonzalez. Mr. Bennett remained in his vehicle and could not hear what Mr. Gonzalez said to Officer Jachymiak.

During his deposition, Mr. Gonzalez testified that he told Officer Jachymiak the following: (1) when Mr. Bennett asked for his parents, he replied that they did not live there; (2) Mr. Bennett said he would come back every day to "harass" Mr. Gonzalez until he located the parents; (3) Mr. Bennett refused to leave the property after being asked three times; (4) Mr. Bennett yelled and cursed; (5) Mr. Bennett identified himself as "law enforcement" and flashed a gold badge; and (6) Mr. Gonzalez would agree to press charges, sign formal complaints, and serve as a witness against Mr. Bennett for

trespass, disorderly conduct, and false personation. Officer Jachymiak's deposition testimony supports Mr. Gonzalez's version of this exchange.

Based on Mr. Gonzalez's account, Commander Baugh directed Officer Jachymiak and Officer Charles Hoskins to arrest Mr. Bennett. During questioning by police and during his deposition in the present case, Mr. Bennett denied posing as a police officer, denied threatening Mr. Gonzalez, and denied refusing to leave his property. Mr. Bennett also says he encouraged the police to find video footage of the encounter to verify his account.

Mr. Bennett was charged with trespass, disorderly conduct, and false personation of a police officer. A prosecutor dropped the first two of these charges before trial. On January 19, 2017, following a bench trial, a judge found Mr. Bennett not guilty of false personation.

## Discussion

A party is entitled to summary judgment if there is no genuine dispute regarding a material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the Court views evidence in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Srail v. Village of Lisle*, 588 F.3d 940, 943 (7th Cir. 2009). No genuine dispute of material fact exists if the record as a whole would not lead a rational trier of fact to find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Mr. Bennett's claims for false arrest and false imprisonment require him to prove that the defendants arrested him without probable cause. *See Gonzalez v. City of*

*Elgin*, 578 F.3d 526, 537 (7th Cir. 2009). The existence of probable cause for any offense defeats a claim under section 1983 for false arrest or false imprisonment, even if the plaintiff was arrested on different charges for which there was no probable cause. *Devenpeck v. Alford*, 543 U.S. 146, 155 (2004); *Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007); *Mustafa*, 442 F.3d at 547.

"A police officer has probable cause to arrest a person if, at the time of the arrest, the facts and circumstances within the officer's knowledge...are sufficient to warrant a prudent person" to believe the suspect has committed an offense. *Id.* (citing *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). Probable cause does not require evidence sufficient to support a conviction, and it can be established from the report of a single, credible victim. *Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000). A court determines probable cause "not on the facts as an omniscient observer would perceive them" but "as they would have appeared to a reasonable person in the position of the arresting officer." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (internal quotation marks omitted).

To succeed on his state law claim for malicious prosecution, Mr. Bennett must demonstrate five elements: (1) the commencement or continuation of criminal proceedings by the defendants; (2) favorable termination of those proceedings; (3) the absence of probable cause; (4) the presence of malice; and (5) damages. *Cairel v. Alderden*, 821 F.3d 823, 834 (7th Cir. 2016). To defeat a malicious prosecution claim, probable cause must exist for each charge filed. *Holmes*, 511 F.3d at 683.

**1.     Probable cause for trespass**

Under 720 ILCS 5/21-3, a person commits criminal trespass when he remains

4

upon the land of another after receiving notice from the occupant to depart. Licensed process servers like Mr. Bennett are exempt from this statute "while serving process." Mr. Gonzalez told Officer Jachymiak that he informed Mr. Bennett that his parents did not live there and then asked Mr. Bennett to leave his property three times, but Mr. Bennett did not comply. A reasonable police officer hearing Mr. Gonzalez's account could find that the process server exemption did not apply, as Mr. Bennett was no longer serving process once he was told the recipients did not live there and was asked to leave the property.

According to Mr. Bennett's version of events, no trespass took place because he never received a straight answer from Mr. Gonzalez regarding his parents' residence. That may be accurate, but Mr. Bennett provides no evidence that would permit a reasonable jury to find that the officers could not reasonably rely on Mr. Gonzalez's statements to them at the scene. Thus no reasonable jury could find an absence of probable cause for the charge of trespass.

**2.     Probable cause for disorderly conduct**

To commit disorderly conduct under Illinois law, a person must engage in behavior that is unreasonable, alarms or disturbs another, and threatens to provoke a breach of the peace. 720 ILCS 5/26–1(a)(1); *Thayer v. Chiczewski*, 705 F.3d 237, 248 (7th Cir. 2012). Courts analyze the unreasonableness of behavior based on the conduct itself and the circumstances in which the conduct occurs. *Biddle v. Martin*, 992 F.2d 673, 677 (7th Cir. 1993). "An arrest for disorderly conduct is justified when the defendant directly harasses or threatens other people." *Reher v. Vivo*, 656 F.3d 772, 777 (7th Cir. 2011).

Mr. Gonzalez told Officer Jachymiak that Mr. Bennett yelled, cursed, threatened ongoing harassment, and refused to leave his property. Although Mr. Bennett disagrees with Mr. Gonzalez's version of events, Mr. Bennett offers no evidence that would permit a reasonable jury to find that Mr. Gonzalez told Officer Jachymiak something other than what appeared in the criminal complaint. Furthermore, the 911 transcript supports Mr. Gonzalez's statement that he was alarmed because Mr. Bennett threatened to harass him and refused to leave his property. There is no evidence that would permit a reasonable jury to find that the officers could not reasonably rely on Mr. Gonzalez's account. Thus no reasonable jury could find an absence of probable cause for the charge of disorderly conduct.

**3.    Probable cause for false personation**

Under Illinois law, a person commits false personation if he knowingly and falsely represents himself to be a peace officer. 720 ILCS 5/17-2(b)(3). It is undisputed that the term "peace officer" includes police officers.

It is not genuinely disputed that Mr. Gonzalez told Officer Jachymiak that Mr. Bennett referred to himself as "police" and "law enforcement." Though Mr. Gonzalez's word choice varies in his deposition, he affirms that Mr. Bennett was claiming to be a "peace officer." Mr. Bennett contends that he properly referred to himself as an "officer of the court" and that his badge rightfully described him as a "detective." This may be true, but that is not what Mr. Gonzalez told Officer Jachymiak. Because Mr. Bennett offers no evidence the officers acted unreasonably in relying on Mr. Gonzalez's account, no reasonable jury could find an absence of probable cause for the charge of false personation.

6

In sum, although Mr. Bennett disputes what was said in his encounter with Mr. Gonzalez, no genuine factual dispute exists regarding what Mr. Gonzalez told the officers at the scene. And because there is no evidence from which a reasonable jury could find that the officers could not reasonably rely on Mr. Gonzalez's story, no reasonable jury could find an absence of probable cause for any of the charges against Mr. Bennett. Consequently, the Court grants summary judgment in favor of the defendants on counts 1, 2, and 3. Because the officers are not liable, count 4, the indemnification claim against Park Forest, is also dismissed

## Conclusion

For the reasons stated above, the Court grants defendants' motion for summary judgment and directs the Clerk to enter judgment in favor of defendants and against plaintiff.

Date: August 6, 2018

_____
MATTHEW F. KENNELLY
United States District Judge